## IN THE UNITED STATES DISTRICT COURT
## FOR NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MELISSA CHEN and DARIO SALAS, on behalf of themselves and all others similarly situated,<br><br>                        Plaintiffs,<br>      v.<br><br>GENESCO, INC. and HAT WORLD, INC. d/b/a LIDS,<br><br>                   Defendants. | **Case No.: 17-cv-3767**<br><br>**Jury Trial Demanded** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Melissa Chen and Dario Salas (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.  This lawsuit seeks to recover unpaid overtime compensation for Plaintiffs and similarly situated individuals who worked for Defendants, Genesco, Inc. and Hat World, Inc. d/b/a Lids (collectively, "Lids" or "Defendants") as Store Managers ("SMs") and were subject to Defendants' policy of misclassifying them as "exempt" from federal and/or state overtime protections.

2.  Plaintiffs Chen and Salas bring this action to recover unpaid overtime compensation for themselves and similarly situated SMs as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA").

3.     Plaintiff Chen also brings this action to recover unpaid overtime compensation for herself and similarly situated Illinois employees as a Fed. R. Civ. P. 23 class action under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.* ("IMWL").

4.     Plaintiff Salas also brings this action to recover unpaid overtime compensation for himself and similarly situated New York employees as a Fed. R. Civ. P. 23 class action under the New York Labor Law, Article 19 §§ 650 *et seq.*, and Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations ("NYLL").

5.     The statute of limitations for IMWL and NYLL claims was tolled on behalf of Chen, Salas, and similarly situated SMs in Illinois and New York by agreement of the parties from November 18, 2016 through January 17, 2017.

## THE PARTIES

### Plaintiffs

#### *Melissa Chen*

6.     Chen is an adult individual who is a resident of Chicago, Illinois.

7.     From approximately November 2015 to approximately January 2016, Chen was employed by Defendants as an SM at a Lids store located in Chicago, Illinois.

8.     As an SM, Chen regularly worked more than 40 hours per week, with an average of 55 hours per week.

9.     During many workweeks, Defendants classified Chen as exempt and did not pay Chen overtime when she worked more than 40 hours a week.

10.     For example, to the best of her recollection, in or around the last week of November in 2015, Chen worked at least 50 hours and was not paid any wages for hours worked in excess of 40.

11.     Chen is a covered employee within the meaning of the FLSA and IMWL.

12.     A written consent form for Chen is attached hereto as **Exhibit A**.

13.     The statute of limitations was tolled for Plaintiff Chen's FLSA and IMWL claims by agreement of the parties from November 18, 2016 through January 17, 2017.

### *Dario Salas*

14.     Salas is an adult individual who is a resident of Long Island City, New York.

15.     From approximately January 2011 to approximately September 2015, Salas was employed by Defendants as an SM at a Lids store located in New York, New York.

16.     As an SM, Salas regularly worked more than 40 hours per week, with an average of 45 hours per week.

17.     During many workweeks, Defendants classified Salas as exempt and did not pay Salas overtime when he worked more than 40 hours a week.

18.     For example, to the best of his recollection, in or around the first week of August 2015, Salas worked at least 50 hours and was not paid any wages for hours worked in excess of 40.

19.     Salas is a covered employee within the meaning of the FLSA and NYLL.

20.     A written consent form for Salas is attached hereto as **Exhibit B**.

**<u>Defendants</u>**

21.     Defendants jointly employed Plaintiffs and similarly situated employees.

22.     At all times relevant, Defendants maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including with respect to the timekeeping, payroll, and other employment practices that applied to them.

23.     Defendants applied the same employment policies, practices, and procedures to all SMs at the Lids stores, including policies, practices, and procedures with respect to the payment of overtime compensation.

24.     Upon information and belief, at all times relevant, Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

25.     Defendants employed Plaintiffs and similarly situated employees, and, directly or indirectly, jointly or severally, controlled and directed the terms of employment and compensation of Plaintiffs and similarly situated employees.

26.     Defendants exercised control over the wages, hours and working conditions of Plaintiffs and similarly situated employees.

### Genesco, Inc.

27.     Genesco, Inc. is a Tennessee corporation with a principal place of business in Nashville, Tennessee.

28.     In 2004, Genesco, Inc. acquired Hat World, Inc. as a wholly owned subsidiary.

29.     Genesco, Inc. is a covered employer within the meaning of the FLSA, NYLL, and IMWL.

### Hat World, Inc.

30.     Hat World, Inc. is a Minnesota Corporation with a principal place of business in Indianapolis, Indiana.

31.     Hat World, Inc. is a wholly owned subsidiary of Genesco.

32.     Hat World, Inc. owned and/or operated the Lids Sports Group segment of Genesco, Inc.'s retail operations, including approximately 1,300 Lids retail stores (which are branded as Lids stores, Lids Locker Room and Clubhouse stores, and Locker Room by Lids)

during the relevant period, including the stores at which Plaintiffs and the putative collective and class members worked.

33.    Hat World, Inc. is a covered employer within the meaning of the FLSA, NYLL, and IMWL.

## JURISDICTION AND VENUE

34.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

35.    In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

36.    Defendants are subject to personal jurisdiction in Illinois.

37.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

38.    Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

39.    Plaintiffs bring the First Cause of Action, an FLSA claim, on behalf of themselves and all similarly situated persons who worked as SMs at Lids stores nationwide between March 20, 2014, and the date of final judgment in this matter (the "FLSA Collective").

40.    Defendants are liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiffs and other similarly situated SMs.

41.     Consistent with Defendants' policy and pattern or practice, Plaintiffs and the members of the FLSA Collective were not paid overtime premium compensation for every week in which they worked beyond 40 hours in a workweek.

42.     All of the work that Plaintiffs and the members of the FLSA Collective have performed has been assigned by Defendants, and Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

43.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, or policy of violating the FLSA with respect to Plaintiffs and the members of FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

(a)     willfully failing to pay its employees, including Plaintiffs and the members of the FLSA Collective, premium overtime wages for all weeks in which they worked in excess of 40 hours;

(b)     willfully misclassifying Plaintiffs and the members of the FLSA collective as exempt from the protections of the FLSA; and

(c)     willfully failing to record all of the time that its employees, including Plaintiffs and the members of the FLSA Collective, have worked for the benefit of Defendants.

44.     Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the members of the FLSA Collective overtime premium pay for hours worked in excess of 40 per workweek.

45.     Plaintiffs and the members of the FLSA Collective perform or performed the same primary duties.

46.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

47.     There are many similarly situated current and former SMs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

48.     This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

49.     Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## ILLINOIS CLASS ACTION ALLEGATIONS

50.     Chen brings the Second Cause of Action, the IMWL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as SMs at any Lids store in Illinois between March 20, 2014, and the date of final judgment in this matter (the "IL Rule 23 Class").

51.     Excluded from the IL Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the IL Rule 23 Class.

52.     The members of the IL Rule 23 Class are so numerous that joinder of all members is impracticable.

53.     Upon information and belief, the size of the IL Rule 23 Class is at least 40 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

54.     Defendants have acted or have refused to act on grounds generally applicable to the IL Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the IL Rule 23 Class as a whole.

55.     Common questions of law and fact exist as to the IL Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     whether Defendants violated the IMWL;

(b)     whether Defendants failed to compensate Chen and the IL Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c)     whether Defendants misclassified Chen and the IL Rule 23 Class;

(d)     whether Defendants failed to keep true and accurate time records for all hours worked by Chen and the IL Rule 23 Class, and other records required by the IMWL;

(e)     whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(f)     the nature and extent of class-wide injury and the measure of damages for those injuries.

56.     The claims of Chen are typical of the claims of the IL Rule 23 Class she seeks to represent.

57.     Chen and the IL Rule 23 Class members work, or have worked, for Defendants as SMs at Lids.

58.     Chen and the IL Rule 23 Class members enjoy the same statutory rights under the IMWL, including the right to be paid overtime wages for all overtime hours worked.  Chen and the IL Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the IMWL.  Chen and the IL Rule 23 Class members have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

59.     Chen will fairly and adequately represent and protect the interests of the members of the IL Rule 23 Class.  Chen understands that, as class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Chen recognizes that, as class representative, she must represent and consider the interests of the class just as she would represent and consider her own interests.  Chen understands that, in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the class.  Chen recognizes that any resolution of a class action must be in the best interest of the class.  Chen understands that, in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  Chen has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Chen and the IL Rule 23 members.

60.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the IL Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the IMWL.  Although the relative damages suffered by individual IL Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

61.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3).

## NEW YORK CLASS ACTION ALLEGATIONS

62.     Salas brings the Third, Fourth, and Fifth Causes of Action under the NYLL and Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as SMs at any Lids store in New York between March 20, 2011, and the date of final judgment in this matter (the "NY Rule 23 Class").

63.     Excluded from the NY Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individuals who have, or who at any time during the class period have had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the NY Rule 23 Class.

64.     The members of the NY Rule 23 Class are so numerous that joinder of all members is impracticable.

65.     Upon information and belief, the size of the NY Rule 23 Class is at least 40 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

66.     Defendants have acted or have refused to act on grounds generally applicable to the NY Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the NY Rule 23 Class as a whole.

67.     Common questions of law and fact exist as to the NY Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     whether Defendants violated NYLL;

(b)     whether Defendants failed to compensate Salas and the NY Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c)     whether Defendants misclassified Salas and the NY Rule 23 Class;

(d)     whether Defendants failed to keep true and accurate time records for all hours worked by Salas and the NY Rule 23 Class, and other records required by the NYLL;

(e)     whether Defendants failed to furnish Salas and the NY Rule 23 Class with an accurate statement of wages, hours worked, rates paid, and the gross wages as required by the NYLL;

(f)     whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(g)     the nature and extent of class-wide injury and the measure of damages for those injuries.

68.     The claims of Salas are typical of the claims of the NY Rule 23 Class he seeks to represent.

69.     Salas and all of the NY Rule 23 Class members work, or have worked, for Defendants as SMs.

70.     Salas and the NY Rule 23 Class members enjoy the same statutory rights under the NYLL, including to be paid for all hours worked, to be paid overtime wages and to be provided with accurate wage notices and wage statements.  Salas and the NY Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Salas and the NY Rule 23 Class members have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

71.     Salas will fairly and adequately represent and protect the interests of the members of the NY Rule 23 Class.  Salas understands that as class representative, he assumes a

fiduciary responsibility to the class to represent its interests fairly and adequately.  Salas recognizes that as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests.  Salas understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class.  Salas recognizes that any resolution of a class action must be in the best interest of the class.  Salas understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  Salas has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Salas and the NY Rule 23 Class members.

72.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the NY Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual NY Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

73.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

74.     Throughout their employment with Defendants, Plaintiffs and the members of the FLSA Collective and the NY and IL Rule 23 Classes (collectively "Class Members") consistently worked more than 40 hours per week.

75.     Plaintiffs' and Class Members' primary job duties are uniform throughout Defendants' stores.

76.     Defendants were aware that Plaintiffs and Class Members worked more than 40 hours per workweek, yet Defendants failed to pay overtime compensation for all hours worked over 40 in each workweek.

77.     Defendants did not keep accurate records of hours worked by Plaintiffs or Class Members.

78.     Plaintiffs' and Class Members' primary duties were routine, non-exempt tasks including, but not limited to, making sales to customers on the sales floor, working on cash registers, unpacking and stocking merchandise, embroidering merchandise for customers, and cleaning the store.

79.     Plaintiffs and Class Members spent the majority of their time performing these duties that were the same as or similar to tasks performed by non-exempt employees.

80.     Plaintiffs' and Class Members' primary duties as SMs did not differ substantially from the duties of non-exempt employees.

81.     Plaintiffs' and Class Members' primary job duties as SMs did not include hiring, firing, making recommendations for hiring, firing, or other employment decisions, scheduling, or disciplining other employees.

82. Plaintiffs' and Class Members' primary job duties were not directly related to Defendants' management or general business operations.

83. Plaintiffs' and Class Members' primary job duties did not include the exercise of discretion or independent judgment regarding matters of significance.

84. Plaintiffs' and Class Members' primary duties do not involve planning Defendants' long or short term business objectives.

85. Plaintiffs' and Class Members' primary duties did not include to formulate, effect, implement or interpret Defendants' management policies or operating practices, nor did Plaintiffs' and Class Members' primary duties include carrying out major assignments that affected Defendants' business operations.

86. Plaintiffs and Class Members did not have authority to commit Defendants in matters that had significant financial impact.

87. Plaintiffs and Class Members could not waive or deviate from Defendants' established policies or procedures without prior approval.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the members of the FLSA Collective)**

88. Plaintiffs reallege and incorporate by reference the allegations in all preceding paragraphs.

89. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

90. At all relevant times, Plaintiffs and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

91. At all relevant times, Defendants employed Plaintiffs and the FLSA Collective.

92.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

93.     At all relevant times, Defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

94.     At all times relevant, Plaintiffs and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

95.     Defendants have failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

96.     Defendants' violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional.

97.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

98.     As a result of the unlawful acts of Defendants, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other amounts pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Illinois Minimum Wage Law – Unpaid Overtime**
**(Brought on behalf of Plaintiff Chen and the members of the IL Rule 23 Class)**

99.     Chen realleges and incorporates by reference all allegations in all preceding paragraphs.

100.    At all times relevant, Chen and the IL Rule 23 Class Members have been employees within the definition of the IMWL.

101.     At all times relevant, Defendants employed Chen and the IL Rule 23 Class Members within the definition of the IMWL.

102.     Defendants engaged in a widespread pattern, policy, and practice of violating the IMWL, as detailed in this Class and Collective Action Complaint.

103.     Defendants violated the IMWL, in relevant part, by failing to pay Chen and the IL Rule 23 Class overtime wages as required by the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq*.

104.     Defendants failed to pay Chen and the IL Rule 23 Class Members overtime for hours worked over 40 in a workweek.

105.      Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Chen and the IL Rule 23 Class Members.

106.     Defendants' violations of the IMWL have been willful and intentional and/or reckless.

107.     Based on the foregoing, Chen and the IL Rule 23 Class Members are entitled to recover all overtime compensation, prejudgment interest, 2% interest per month, statutory penalties, attorneys' fees and costs, and all other available remedies pursuant to § 12(a) of the IMWL.

### THIRD CAUSE OF ACTION
### New York Labor Law – Unpaid Overtime
### (Brought on behalf of Plaintiff Salas and the members of the NY Rule 23 Class)

108.     Salas realleges and incorporates by reference all allegations in all preceding paragraphs.

109.     Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class and Collective Action Complaint.

110.     At all times relevant, Salas and the members of the NY Rule 23 Class have been employees and Defendants have been their employers within the meaning of the NYLL.

111.     Salas and the NY Rule 23 Class are covered by the NYLL.

- 16 -

112.     Defendants have failed to pay Salas and the members of the NY Rule 23 Class overtime wages to which they are entitled under the NYLL Article 19 §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

113.     Defendants have failed to pay Salas and the members of the NY Rule 23 Class overtime at a wage rate of one and one-half times their regular rate of pay.

114.     Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Salas and the members of the NY Rule 23 Class.

115.     Defendants' violations of the NYLL, as described in this Class and Collective Action Complaint, have been willful and intentional.

116.     Due to Defendants' violations of the NYLL, Salas and the members of the NY Rule 23 Class are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 6 § 198, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Wage Notices**
**(Brought on behalf of Plaintiff Salas and the members of the NY Rule 23 Class)**

117.     Salas realleges and incorporates by reference all allegations in all preceding paragraphs.

118.     Defendants have willfully failed to supply Plaintiffs and the Rule 23 Class Members with wage notices, as required by NYLL Article 6 § 195(1), in English or in the language identified by the Salas and the members of the NY Rule 23 Class as their primary language, containing Salas's and the NY Rule 23 Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as

part of the minimum wage; the regular pay designated by the employer in accordance with

NYLL Article 6 § 191; the name of the employer; any "doing business as" names used by the

employer; the physical address of the employer's main office or principal place of business, and

a mailing address if different; the telephone number of the employer; plus such other information

as the commissioner deems material and necessary.

119.     Through their knowing or intentional failure to provide Salas and the NY Rule 23

Class Members with the wage notices required by the NYLL, Defendants have willfully violated

the NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor

Regulations.

120.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Salas and the

NY Rule 23 Class Members are entitled to statutory penalties of fifty dollars for each work day

that Defendants failed to provide them with wage notices, or a total of five thousand dollars,

reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL

Article 6, § 198(1-b).

### FIFTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiff Salas and the members of the NY Rule 23 Class)**

121.     Salas realleges and incorporates by reference all allegations in all preceding

paragraphs.

122.     Defendants have willfully failed to supply Salas and the NY Rule 23 Class

Members with an accurate statement of wages as required by NYLL Article 6, § 195(3),

containing the dates of work covered by that payment of wages; name of employee; name of

employer, address and phone number of employer; rate or rates of pay and basis thereof, whether

paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate

or rates of pay and overtime rate or rates of pay, if applicable; the number of hours worked, including overtime hours worked, if applicable; deductions; allowances, if any, claimed as part of the minimum wage, and net wages.

123.     Through their knowing or intentional failure to provide Salas and the NY Rule 23 Class Members with the accurate wage statements required by the NYLL, Defendants have willfully violated the NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

124.     Due to Defendants' violations of the NYLL, Salas and the NY Rule 23 Class are entitled to recover from Defendants two-hundred fifty dollars for each work day that the violations occurred or continue to occur, or a total of five thousand dollars, as provided for by NYLL Article 6 § 198(1-d), reasonable attorneys' fees, costs, injunctive and declaratory relief.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.     That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all SMs and similarly situated employees who are presently working, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Defendants' stores.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.     Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting Department of Labor regulations;

C.      Unpaid overtime, statutory penalties, liquidated damages, interest, and restitution pursuant to IMWL and NYLL;

D.      Statutory penalties for failure to provide accurate notice and wage statements pursuant to the NYLL;

E.      Certification of the IL Rule 23 Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and designation of Plaintiff Chen as representative of the IL Rule 23 Class and counsel of record as Class Counsel;

F.      Certification of the NY Rule 23 Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and designation of Plaintiff Salas as representative of the NY Rule 23 Class and counsel of record as Class Counsel;

G.      Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under the FLSA, IMWL, and NYLL;

H.      An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the IMWL and NYLL;

I.      Prejudgment and post-judgment interest;

J.      Reasonable incentive awards for Plaintiffs to compensate them for the time they spent attempting to recover wages for the FLSA Collective and Class Members, and for the risks they took in doing so;

K.      Reasonable attorneys' fees and costs of the action; and

L.      Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: May 19, 2017                              Respectfully submitted,
        New York, New York

By:    /s/ Justin M. Swartz     
            Justin M. Swartz

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

Paul W. Mollica
161 N Clark Street, Suite 1600
Chicago, IL 60601
Telephone: (312) 809-7010

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz*
Camar R. Jones*
1515 S. Federal Hwy
Boca Raton, Florida 33432
Telephone:     (561) 447-8888

*Attorneys for Plaintiffs and the Putative
Class and Collective*

* *Pro hac vice* motion forthcoming