UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELISSA CHEN and DARIO SALAS, on behalf of themselves and all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GENESCO, INC., <br> HAT WORLD, INC. d/b/a LIDS, <br><br> Defendants. | No. 1:18-cv-00690-SEB-TAB |

**ORDER ON DISCOVERY DISPUTE**

Parties appeared by counsel for a status conference on August 3, 2018. At issue were Defendants' requests for depositions of seven plaintiffs, as well as written discovery. Plaintiffs and Defendants submitted brief letters outlining their positions and the Court heard argument. The parties disputed the appropriateness of the depositions at this stage of the litigation. Defendants argued that they need to take the depositions to properly respond to Plaintiffs' motion for conditional certification under 29 U.S.C. § 216(b) of the Fair Labor Standards Act. Plaintiffs contended that the depositions would be premature and cited several FLSA cases in which courts declined to order depositions to be taken in preparation for a § 216(b) motion. As explained below, the Court ruled that Defendants may take depositions of Plaintiff Dario Salas and opt-in Plaintiffs Eric Holliday and Robin Young.

As Plaintiffs acknowledged, the Court has broad discretion in managing discovery, including to decide whether and when to allow depositions. *Betancourt v. Maxim Healthcare Servs., Inc.*, No. 10 C 4763, 2011 WL 1548964, at *13 (N.D. Ill. Apr. 21, 2011); *Briggs v. PNC Fin. Servs. Grp. Inc.*, No. 15 C 10447, 2016 WL 401701, at *2 (N.D. Ill. Jan. 20, 2016). While

the standard for conditional certification under § 216(b) is lenient, it is a hurdle Plaintiffs must clear.  And Defendants persuasively argued that at least some deposition testimony will be beneficial in determining whether conditional certification is appropriate.  The Court also noted that Plaintiffs successfully resisted Defendants' recent motion to stay discovery by arguing, in part, that "witnesses' memories fade." [Filing No. 73, at ECF p. 2.]  Memories do fade, so depositions should not be unnecessarily delayed.  Still, taking seven depositions would threaten to disrupt the current schedule, which requires Defendants to file a responsive brief to Plaintiffs' § 216(b) motion by August 20.  Scheduling seven depositions on top of other discovery requests and briefing is simply not workable.  Therefore, the Court permitted Defendants to take three depositions—Salas, Holliday, and Young—and ordered the parties to use their best efforts to complete the depositions by August 16.  Defendants were ordered to produce any documents they plan to use in the depositions by August 8.

Defendants also asked the Court to order Plaintiffs to respond to certain discovery requests so they may consider the responses for their briefing.  However, the parties had not discussed this prior to the conference, and Plaintiffs raised many objections that could not be resolved appropriately to permit the three authorized depositions to be completed by August 16.  Therefore, the Court declined to order production.

Finally, the settlement conference scheduled for 9:00 a.m. August 29, 2018, remains set as scheduled.

Date: 8/9/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.

2