IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELISSA CHEN and DARIO SALAS, on behalf of themselves and others similarly situated, | ) ) ) ) Case No. 1:18-cv-00690-SEB-TAB ) ) ) Hon. Sarah Evans Barker ) |
| Plaintiffs, | ) ) |
| v. | ) ) Magistrate Judge Tim A. Baker ) |
| GENESCO, INC. and HAT WORLD, INC. d/b/a LIDS, | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION FOR AUTHORIZATION OF CORRECTIVE NOTICE**

Defendants Genesco, Inc. ("Genesco") and Hat World, Inc. ("Hat World") (collectively, "Defendants") oppose Plaintiff's Emergency Motion for Authorization of Corrective Notice (Doc. 122). Plaintiff has not identified any legitimate reason to send a subsequent notice or to extend the time for making claims in this case.

To the extent that individuals received the Court-approved notice in this case and also received a settlement check related to *Shumate v. Genesco, Inc.*, No. 1:17-cv-03574 (S.D. Ind.), those individuals affirmatively opted into the *Shumate* case and are represented by counsel in the *Shumate* case. In fact, those individuals received their *Shumate* settlement checks directly from the attorneys who are representing them in the *Shumate* case. *See Shumate v. Genesco, Inc.*, No. 1:17-cv-03574 (S.D. Ind.), Doc. 181-1 at ¶ 29 ("Plaintiffs' Counsel will mail the checks to each Plaintiff."). Defendants had no role in mailing the settlement checks to claimants in the *Shumate* case.

Furthermore, the Court-approved notice already issued in this case included the contact information of Plaintiff's counsel in this case and of the third-party administrator in this case. Consequently, any individuals who received notice of this case and also received a settlement check from their attorneys in the *Shumate* case could have reached out to their attorneys currently representing them in the *Shumate* case, to Plaintiff's counsel in this case, or to the third-party administrator in this case if they have any questions. Indeed, Plaintiff's motion indicates that some individuals did reach out to Plaintiff's counsel in this case and that Plaintiff's counsel answered their questions. (Doc. 122 at ¶ 4.) Plaintiff has not identified any reason why such individuals could not submit a timely claim in this case if they were interested in doing so.

Defendants have done nothing wrong. Defendants were not involved in sending the settlement checks in the *Shumate* case, which were sent directly by the plaintiffs' attorneys in the *Shumate* case. Likewise, Defendants were not involved in sending the Court-approved notice in this case, which was sent directly by a third-party administrator. The cases Plaintiff cites in asking the Court to issue corrective notice both involved situations where the court believed the defendant's own direct communications with potential collective members had caused confusion. *See Piekarski v. Amedisys Ill., LLC*, 4 F. Supp. 3d 952 (N.D. Ill. 2013) (defendant sent arbitration agreements to putative collective action members while putative collective action was pending); *Goody v. Jefferson Cnty.*, No. 09 Civ. 437, 2010 WL 3834025 (D. Idaho Sept. 23, 2010) (defendant sent letters and checks to putative collective action members while putative collective action was pending). Those cases are wholly inapposite because the only communications here came directly from employees' own attorneys in the *Shumate* case and from the third-party administer in this case. Under these circumstances, there is no legitimate basis to issue any corrective notice or to extend the time for filing claims.

Dated:  March 11, 2020

Respectfully submitted,

GENESCO, INC. and HAT WORLD, INC. d/b/a LIDS

By:  /s/ *Bonnie Keane DelGobbo*
    One of their attorneys

Joel Griswold
BAKER & HOSTETLER LLP
SunTrust Center
200 South Orange Avenue, Suite 2300
Orlando, Florida  32801-3432
Telephone: (312) 416-6238
jcgriswold@bakerlaw.com

Bonnie Keane DelGobbo
BAKER & HOSTETLER LLP
1 North Wacker Drive, Suite 4500
Chicago, Illinois  60606
Telephone:  (312) 416-6200
Facsimile:   (312) 416-6201
bdelgobbo@bakerlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed and served the foregoing document using the Court's CM/ECF system, which will send notice of such filing to all counsel of record. Parties may access the filing through the Court's CM/ECF system.

/s/ *Bonnie Keane DelGobbo*