UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MELISSA CHEN, <br> DARIO SALAS, <br><br> Plaintiffs, <br><br> v. <br><br> GENESCO, INC., <br> HAT WORLD INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 1:18-cv-00690-SEB-TAB |

**ORDER**

Now before the Court is Plaintiff Dario Salas's[1] Motion for Authorization of Corrective Notice [Dkt. 122] in which Plaintiff requests an order authorizing a corrective notice to a subset of eligible settlement collective members in this litigation brought pursuant to the Fair Labors Standard Act ("FLSA"), 29 U.S.C. §§ 203 *et seq*. For the reasons set forth herein, Plaintiff's motion is **denied**.

**Discussion**

On January 22, 2020, the Court granted Plaintiff's Unopposed Renewed Motion for Approval of Settlement, Service Payments, and Attorney's Fees. On February 6, 2020, the Settlement Administrator mailed the Court-approved Settlement Notice to 664 Eligible Settlement Collective Members. The deadline for these Eligible Settlement Collective Members to submit claim forms was March 7, 2020.

---

[1] Plaintiff Melissa Chen was determined to be subject to a binding arbitration agreement and ordered to arbitration on June 11, 2018. Dkt. 82. We simultaneously stayed her claims, pending the outcome of that proceeding. *Id.*

Prior to the submission deadline, Plaintiff's counsel learned that a subset of the settlement collective had received settlement checks from another matter, *Shumate v. Genesco, Inc. et al.*, No. 17 Civ. 3574 (S.D. Ind.), within a day or two of receiving the Settlement Notice in this case. As in the current litigation, the *Shumate* case involved claims brought by store managers alleging wage and hour violations. Plaintiff believes there is likely overlap between the *Shumate* collective and the settlement collective in this matter.

Of particular concern to Plaintiff is that the *Shumate* settlement checks were not accompanied by "a notice or any documentation of any kind explaining the source of settlement payment." Rather, the settlement checks indicated only that they were from Hat World (a defendant in this matter as well as the *Shumate* matter) and were marked as a payment for "SETT." Based on his counsels' review of the public docket in the *Shumate* case, Plaintiff believes that settlement checks were mailed to 164 individual who opted-in to that litigation approximately two years prior to its settlement. Plaintiff does not believe those individuals ever received notice of the *Shumate* case's settlement. Because of the lack of information accompanying the *Shumate* checks coupled with the timing of the Settlement Notice in this matter, Plaintiff avers that there is a "clear lack of understanding that these mailings relate to two separate litigations." For example, Plaintiff's counsel have received questions from this matter's Eligible Settlement Collective Members regarding whether the settlement checks relate to this case, and whether they need to submit a claim form when they have already received a settlement check. Plaintiff is concerned that this confusion is shared among other individuals who

may be entitled to collect under both this matter and the *Shumate* matter, but who do not understand their rights.

Plaintiff thus seeks to issue a corrective notice to the subset of the settlement collective that received *Shumate* settlement checks. He believes a corrective notice that offers clarity as to the two separate lawsuits is necessary on the grounds the current Settlement Notice does not contain any information about the *Shumate* settlement, which could prevent Eligible Settlement Collective Members "from making an informed choice about whether to join" this action.

Plaintiff specifically requests an order: 1) authorizing the mailing of a proposed corrective notice,[2] 2) requiring Defendants to disclose to the names of the 164 *Schumate* opt-ins in order to identify the Eligible Settlement Collective Members who need to receive the corrective notice, 3) extending the time to submit a claim form for the recipients of the corrective notice, and 4) requiring the cost of the proposed correct notice to be paid from the remaining unclaimed funds in the Gross Settlement Amount.

Defendants oppose Plaintiff's request to issue a corrective notice. As Defendants explain, any individuals who received settlements checks in the *Shumate* case affirmatively opted-in to that matter and are represented by counsel. In fact, those individuals received their *Shumate* settlement checks directly from the attorneys who represent them in the *Shumate* matter. *See Shumate v. Genesco, Inc.*, No.

---

[2] The proposed corrective notice would clarify that any settlement check received from Hat World is not related to this lawsuit but is likely the result from individuals' participation in the *Shumate* matter. It would further inform the individuals that they are eligible to participate in this settlement.

1:17-cv-03574 (S.D. Ind.), Doc. 181-1 at ¶ 29 ("Plaintiffs' Counsel will mail the checks to each Plaintiff."). Moreover, argue Defendants, the Court-approved notice in this matter included the contact information of Plaintiff's counsel and the third-party Settlement Administrator. Any individuals who received notice of the settlement in this matter and also received a settlement check from their attorneys in the *Shumate* case could have easily resolved any confusion by contacting the attorneys currently representing them in the *Shumate* matter, Plaintiff's counsel in this case, or the Settlement Administrator in this matter. Indeed, Plaintiff's counsel indicated that some individuals did reach out to them. Thus, there is no reason that any individuals would be prevented from making an informed decision and submitting a timely claim form in this case.

      Finally, Defendants note that they "have done nothing wrong." They were not involved in issuing the settlement checks in the *Shumate* case, nor were they involved in mailing the Court-approved notice in this case, which were sent by the Settlement Administrator. According to Defendants, the case law cited by Plaintiff in support of issuing supplemental settlement notices involved circumstances where corrective notices were necessary because of the defendants' actions and communications with respects to the eligible settlement collective members. Invocation of such case law is inapposite here, says Defendants, who argue that there is "no legitimate basis" to issue any corrective notice or to extend the time for filing claim forms.

      Plaintiff responds that the corrective notice is necessary on the grounds that the current circumstances have prevented a subset of the collective from making an informed decision about whether to participate in this matter's settlement.

4

We agree with Defendants' interpretation of the case law. Neither case cited by Plaintiff supports a finding that a corrective notice is necessary in this matter. For example, the District Court of Idaho in *Goody v. Jefferson County* granted a plaintiff's request to issue a corrective notice where defendants had distributed a letter that misled the potential collective members as to whether they could opt-in to the collective action. 2010 WL 3834025, at *3 (D. Idaho Sept. 23, 2010). Similarly, our sister district in this circuit permitted the issuance of a corrective notice on the grounds that defendants had distributed misleading and confusing communications to putative class members that could discourage them from participating in the class. *Piekarski v. Amedisys Illinois, LLC*, 4 F. Supp. 3d 952, 956 (N.D. Ill. 2013) ("Of particular concern to courts is whether a party has made misrepresentations to putative class members or has attempted to discourage class members from participating in the class.") (*internal quotations omitted*).

Here, there is no allegation that Defendants' actions have confused or misled any Eligible Collective Settlement Members of their rights in this litigation. It is possible that some confusion could have surfaced because of the timing in which the *Shumate* checks were issued and the Settlement Notice in this matter was distributed. However, none of this confusion arose from Defendants' actions nor from the Settlement Notice, which provided the requisite, objective information to the Eligible Settlement Collective Members so that they could make informed decisions about opting in (or not) to the collective. Moreover, any subset of the collective that may have received checks in the *Shumate* matter did not receive their checks by virtue of any parties' unilateral actions. Rather, these individuals made the informed, affirmative decision to opt in to the

*Shumate* litigation, wherein they are represented by counsel. Any confusion that may have surfaced is mitigated by the resources available to these individuals. Between their representation in the *Schumate* matter and their access to both Plaintiff's counsel and the Settlement Administrator in this matter, eligible members were equipped with adequate resources to resolve any confusion they may have had if they so desired.

Plaintiff has not offered, nor has the Court located, any legal authorities that support granting his request in these circumstances. Accordingly, his motion [Dkt. 122] is **denied.**

IT IS SO ORDERED.

Date:       4/6/2020

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael C. Danna
OUTTEN & GOLDEN, LLP
mdanna@outtengolden.com

Bonnie Keane DelGobbo
BAKER & HOSTETLER LLP
bdelgobbo@bakerlaw.com

Scott D. Gilchrist
COHEN & MALAD LLP
sgilchrist@cohenandmalad.com

Joel Griswold
BAKER HOSTETLER LLP
jcgriswold@bakerlaw.com

Camar R. Jones
SHAVITZ LAW GROUP, P.A.
cjones@shavitzlaw.com

Christopher McNerney
OUTTEN & MCNERNEY LLP
cmcnerney@outtengolden.com

Paul William Mollica
Outten & Golden
161 N. Clark St.
Suite 1600
Chicago, IL 60601

Gregg I. Shavitz
SHAVITZ LAW GROUP, P.A.
gshavitz@shavitzlaw.com

Richard E. Shevitz
COHEN & MALAD LLP
rshevitz@cohenandmalad.com

Elizabeth V. Stork
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, NY 10017

Justin Mitchell Swartz
Outten & Golden LLP
jms@outtengolden.com

Juno E. Turner
Outten & Golden LLP
jturner@outtengolden.com